IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 09-21185-CMB |
| ) | |
| BRENDA LEE HART, ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |
| CHARLES O. ZEBLEY, JR., ) | |
| ) | Adversary No. 11-02468-CMB |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BRENDA LEE HART and ) | |
| THE HUNTINGTON NATIONAL ) | |
| BANK also known as HUNTINGTON ) | |
| BANCSHARES INCORPORATED, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

The matter before the Court is the Trustee's Complaint to Compel Turnover against the Debtor and The Huntington National Bank ("Huntington").[1] As this Court finds that final orders entered in the bankruptcy case govern and resolve the above-captioned adversary proceeding, the relevant procedural history is provided herein as follows.

The Debtor commenced her Chapter 7 bankruptcy case on February 25, 2009. The case was originally assigned to the Honorable Bernard Markovitz. At the time the bankruptcy petition

---

[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(E), and the Court will enter final judgment in this adversary proceeding. However, if the United States District Court determines pursuant to the rationale set forth in *Stern v. Marshall*, 131 S.Ct. 2594 (2011), that this Court does not have the authority to enter final judgment, then this Memorandum Order shall constitute the Court's proposed findings of fact, conclusions of law, and recommendation to the District Court.

1

was filed, the Debtor and her non-debtor husband were divorcing. In her Schedule C, the Debtor claimed an exemption of unknown value in an equitable distribution settlement resulting from the parties' divorce pursuant to 11 U.S.C. §522(d)(5). In addition, the Debtor claimed a number of other exemptions, including her entire interest in her estranged husband's "Dominion thrift savings plan" valued at $200,000 pursuant to §522(d)(12).

On April 13, 2009, the Trustee filed his Objection to Debtor's Exemptions. In that Objection, the Trustee contended, among other things, that the Debtor's scheduled claim for equitable distribution against her non-debtor husband embraced all assets of the Debtor and that the Debtor was entitled to exempt the first $11,200 of said claim pursuant to "11 U.S.C. §522(d)(5) *with no further exemption of any other asset.*" *See* Doc. No. 25, ¶11-12 (emphasis added). No response was filed to the Trustee's Objection. Accordingly, Judge Markovitz entered an Order on May 15, 2009 ("Exemptions Order"), which provides, in pertinent part, as follows:

> (b) . . . . *All* of Debtor's assets are marital assets subject to award as equitable distribution. Debtor's *only* asset in her bankruptcy is her claim for equitable distribution, which includes *all* of the assets she schedules.
> (c) Debtor can exempt the first $11,250[2] of any amount that she receives as an award of equitable distribution. If the equitable distribution award covers one of Debtor's assets, she may take no further exemption in it. *Any amount over $11,250 the Trustee shall administer for the benefit of her creditors*.
> (d) Should the equitable distribution award *omit* disposition of an asset in which Debtor has an interest, then Debtor shall file her amended exemptions as to such asset within 30 days following this court's approval of a settlement or after the equitable distribution award becomes final. After that date passes, she may not exempt such assets.

---

[2] The amount of $11,250 provided in the Order appears to have been a typographical error, resulting in an increase of $50 to the amount of the exemption in favor of the Debtor.

2

*See* Doc. No. 29 (emphasis added). The Debtor neither sought reconsideration nor appealed the Exemptions Order, which was entered over three years ago and is final.

Subsequently, upon learning that the Debtor received over $100,000 from her husband's Dominion savings plan through an equitable distribution settlement, the Trustee filed a Motion to Compel Turnover. In response, the Debtor asserted that (1) she received only pension monies, which continued to possess exempt characteristics through the divorce as Debtor rolled those funds into an IRA at Huntington National Bank, and (2) she could amend her exemptions to include this asset under §522(d)(12). At the hearing on July 14, 2011, Judge Markovitz rejected the Debtor's arguments and found that the Exemptions Order clearly mandated turnover. At the hearing, Debtor's counsel conceded that, given the finality of that Order, the Debtor had no defense to the Motion to Compel Turnover.[3] Accordingly, on July 14, 2011, the Court entered an Order directing the Debtor to turn over all of the funds she received to the Trustee ("Turnover Order"). The Debtor neither sought reconsideration nor appealed the Order, and the Turnover Order is final.

On September 7, 2011, the Trustee commenced the above-captioned adversary proceeding asserting that, despite the Turnover Order, the Debtor had only turned over to the Trustee a fraction of the amount required. As the Trustee was previously informed that the funds were deposited with Huntington, the Trustee sought an order directing the Debtor and Huntington ("Defendants") to pay $107,603.15 (i.e., the remaining amount owed pursuant to Judge Markovitz's Order of July 14, 2011) to the Trustee and enter judgment in that amount

---

[3] The Court was extremely troubled by the Debtor's conduct and stated on the record that the matter was being referred to the United States Trustee for review.

against the Defendants.[4] The Debtor filed an Answer raising again the possibility of amending her exemptions and further asserting that the Trustee is not entitled receive more than the amount of the two proofs of claim filed. Huntington did not respond.

On January 3, 2012, the bankruptcy case and this adversary proceeding were reassigned to the Undersigned. Trial was held on the Trustee's Complaint on May 15, 2012. At trial, the Trustee informed the Court that, upon information received from Debtor's counsel, Huntington no longer possessed the funds he was seeking. In fact, according to Debtor's counsel, the Debtor used most, if not all, of the money. Therefore, the Trustee sought to dismiss his claim as to Huntington, leaving only his claim for turnover against the Debtor. No witnesses were called at trial. Debtor, who apparently moved to, and continues to reside in, Egypt, was not present. Debtor's presentation consisted of arguments previously made and rejected by Judge Markovitz when the Turnover Order was entered. The Trustee relied upon the Court's prior orders in support of his request for relief.

After trial, the Trustee filed nothing further in this proceeding. The Debtor filed her Identification of the Issues and Proposed Factual Findings and Brief in Opposition to the Trustee's Complaint for Turnover. The Debtor raised a number of issues, some for the first time,

---

[4] Fed.R.Bankr.P. 7001(1) provides that "a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee" is an adversary proceeding. Thus, the Complaint was not an attempt to relitigate the Motion to Compel Turnover against the Debtor, but was necessary in order to seek recovery from Huntington.

in her post-trial filings.[5] The Debtor's arguments throughout this proceeding primarily challenge the propriety of the Trustee's Objection to Exemptions, the clarity, or lack thereof, of that Objection and the Ordered related thereto, and whether the Debtor's interest in the funds she received as a result of the equitable distribution may be exempted as an IRA. Debtor can only succeed if the Undersigned disregards the prior orders of this Court.

Upon consideration of the Trustee's Complaint, the Debtor's Answer, the Debtor's brief, the arguments and evidence presented at the hearings held, and the entire record of this adversary proceeding and the bankruptcy case, the Court finds as follows:

1. The Trustee commenced this proceeding as a result of the Debtor's failure to comply with the Turnover Order and the Debtor's representation that Huntington possessed the funds owed to the estate.

2. As Huntington does not possess said funds, the Trustee has no claim for turnover against Huntington. Accordingly, the claim against Huntington is dismissed without prejudice.

3. The Trustee's remaining claim for turnover is against the Debtor. Judge Markovitz previously found the Exemptions Order to be final and ordered turnover by the Debtor pursuant to his prior order.

4. The Debtor improperly used this adversary proceeding as an opportunity to raise arguments which were previously raised in response to the Trustee's Motion to Compel

---

[5] The Debtor raised two new arguments after trial. First, she asserted that the Complaint for turnover was premature as the Trustee must first seek this Court's approval of the equitable distribution settlement. The Court notes that the Trustee was not aware of the settlement until after the Debtor received the funds. Furthermore, without Court approval, the Debtor entered into the settlement and used the funds without entitlement to do so. Now, she seeks to benefit from her own misconduct. As a second argument, the Debtor contended that she is entitled to relief from the Court's prior orders pursuant to Fed.R.Civ.P. 60. The Exemptions Order, dated May 15, 2009, and Turnover Order, dated July 14, 2011, were entered long ago and not appealed. There is no motion seeking such relief from either Order in the bankruptcy case. Furthermore, the Court finds no merit in the Debtor's contentions.

Turnover and which were unsuccessful before Judge Markovitz. The Debtor seeks to use this proceeding to obtain a second bite at the apple and to have the Undersigned review final, unappealable orders entered by the judge formerly assigned to this case.

5. To the extent the Debtor now asserts that the Trustee's Objection to Exemptions was unclear, a timely response should have been filed. Instead, a default order was entered and no clarification of the Objection or Order was sought. Judge Markovitz subsequently found turnover to be appropriate based upon the finality of the Exemptions Order. The Undersigned agrees and finds the same.

6. The Court need not reach the merits of the Debtor's arguments as to the propriety of the Trustee's Objection to Exemptions.[6] Review of matters previously decided is inappropriate, and the Debtor's request for the Court to do so is denied. The Exemptions Order and Turnover Order dictate the result in this proceeding. Accordingly, this Court finds that the Trustee is entitled to entry of judgment against the Debtor with respect to the funds she was previously ordered to turn over to the estate.

7. As the Debtor failed to comply with the Turnover Order, this Court finds it necessary to coerce the Debtor's compliance. Therefore, if the Debtor fails to timely pay the full amount owed to the estate, an additional $1,000 is owed to the Court as a fine.

---

[6] Although the Court is not reaching a decision in this case based upon the merits of Debtor's argument regarding exemptions, the Court notes that, to the extent the Debtor cites to *In re Tabor*, 433 B.R. 469 (Bankr. M.D.Pa. 2010), addressing an inherited IRA, that case is distinguishable from the facts of this case. In *Tabor*, the debtor sought to exempt an IRA which she inherited *prepetition*. In this case, the Debtor chose to have funds received through an equitable distribution settlement rolled over into an IRA *postpetition* and after the Exemptions Order was entered. The deposit of funds into an IRA was not a negotiated term of the settlement and the Court would not have approved any agreement which required the Debtor to deposit the funds, which constitute property of the estate, into an IRA. *See In re Willard*, No. 96-23703-MBM (Bankr. W.D.Pa. Oct. 23, 1998), *aff'd*, No. 98-cv-2075 (W.D.Pa. Aug. 17, 1999), *aff'd*, 216 F.3d 1078 (3d Cir. 2000).

8. To the extent the Debtor expressed a concern that the amount sought by the Trustee is in excess of the amount needed to pay creditors, the Debtor is entitled to any surplus of funds pursuant to the order of distribution set forth in 11 U.S.C. §726(a)(6). Therefore, when the funds are received, the Trustee will propose distribution and any surplus of funds may be payable to the Debtor.

Therefore, for the foregoing reasons, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. The Trustee's claim for turnover against Huntington National Bank is **DISMISSED WITHOUT PREJUDICE**.
2. The relief sought by the Trustee against the Debtor is **GRANTED** as provided herein.
3. The Debtor is ordered to pay $107,603.15 to the Trustee for the benefit of the estate, and judgment against the Debtor will be entered in that amount.
4. If the Debtor fails to make full payment on or before **October 15, 2012**, Debtor is sanctioned and is directed to pay an additional $1,000 as a fine payable to the United States Bankruptcy Court for the Western District of Pennsylvania.

DATE: September 26, 2012

   /s/ Carlota M. Böhm       
Carlota M. Böhm
United States Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**
    Office of the United States Trustee
    Charles O. Zebley, Jr., Esq.
    David A. Colecchia, Esq.
    Brenda Lee Hart
    The Huntington National Bank